UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>THE ESTATE OF BEULAH E. GALLEGO/GALLIGO; LYNN GALLEGO a/k/a/ LYNN (LEONA) GALLIGO-RANDALL, as Administrator of the Estate of Beulah E. Gallego/Galligo; FRANKEE WHITE DRESSS; THE OGLALA SIOUX TRIBE; and ANY PERSON IN POSSESSION,<br><br>　　　　　　Defendants. | CIV. NO. 17-5091<br><br>AMENDED MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

　　In this case, the United States is seeking to foreclose on a loan made under the provisions of Section 184 of the Housing and Community Development Act, 12 U.S.C. § 1715z-13a ("Section 184"), and secured by a leasehold mortgage on real property held in trust for Oglala Sioux Tribe ("the Tribe") and leased by the Tribe to Beulah E. Gallego ("Gallego"), a tribal member, who died intestate on September 25, 2011.  Named defendants are The Estate of Beulah E. Gallego; Frankee White Dress; The Oglala Sioux Tribe; and Any Person in Possession.  Frankee White Dress is Gallego's eldest daughter and upon the government's information and belief, she inherited the majority of the real property from Gallego's estate.

　　In the present case, the Government has applied to the Court for a default judgment against the Estate and a judgment of foreclosure upon the leasehold interest for the principal sum of $59,284.42, together with interest, plus any additional sums advanced in relation to this action.  Doc. 23, ¶ 7. Additionally, the Government asks the Court to issue a decree of sale as to the leasehold interest in the real property.  Doc. 15.  For the following reasons, the Government's motion for order of default judgment is granted and its motion for judgment of foreclosure and decree of sale are denied.

## BACKGROUND

**I.　Facts**

1

On November 28, 2000, the Oglala Sioux Tribe entered into a residential lease with Ernabelle Skye for a parcel of land situated on Pine Ridge Indian Reservation ("the Real Property"). Doc. 1-6. Ernabelle Skye assigned the residential lease of the Real Property to Beulah Gallego ("Gallego") and the assignment was recorded as an encumbrance in the Bureau of Indian Affairs "BIA" Title Status Report of the Real Property. Doc. 1-5. On August 1, 2007, a leasehold mortgage was executed by Gallego and delivered to Wells Fargo Bank, N.A., as security for a $55,736.00 promissory note made by Wells Fargo to Gallego under the provisions of Section 184 of the Housing and Community Development Act, 12 U.S.C. § 1715z-13a ("Section 184"). Doc. 1, ¶¶ 9, 10; 1-2; 1-3. The BIA issued a certificate of approval for "the leasehold mortgage on the trust or restricted land owned or leased by BEULAH E GALLEGO, as security for a $55,736.00 loan to be made by WELLS FARGO BANK, N.A." Doc. 1-4. The BIA's certificate of approval stated that "[s]hould foreclosure be necessary, the mortgagee shall give written notice to the [BIA] Office prior to initiation of such proceedings." Doc. 1-4.

Under the terms of the promissory note, Gallego was required to make monthly payments on the first day of each month until the loan matured in September 2037. Doc. 1, ¶ 14. The promissory note provides that failure to pay any of the debt when due constitutes default. Doc. 1-2. The promissory note states that upon default, the noteholder may require the borrower "to pay immediately the full amount of the [p]rincipal which has not been paid and all interest that [borrower] owe[s] on that amount. The date must be at least 30 days after the date on which the notice is mailed to [borrower] or delivered by other means." Doc. 1-2. The leasehold mortgage also provides that the lender shall give notice to the borrower prior to acceleration following borrower's breach of any covenant in the mortgage. Doc. 1-3. The leasehold mortgage provides that:

> The notice shall specify: (1) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [b]orrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the mortgage] and sale of the Property.

Doc. 1-3.

The form residential lease executed by Ernabelle Skye and the Tribe and then assigned to Gallego, provides that "subsequent to the Lessee's breach of any covenant or agreement under a mortgage or other security instrument for which the Lease . . . [is] pledged as security, and upon

2

the expiration of any applicable cure period, [the Tribe, as lessor], shall have an option [] to acquire the Lessee's Leasehold interest, (subject to all valid liens and encumbrances) upon *either payment in full of all sums secured by the mortgage or* assumption of the loan with the approval of the lender or the applicable Federal Agency." Doc. 1-6, ¶ 11.

On May 8, 2011, Wells Fargo Bank sent Gallego a letter stating that she was $1,306.04 in arrears on her note as of the date of the notice. Doc. 1-8. The notice provided that if Gallego did not pay $1,306.04 by June 7, 2011, Wells Fargo Bank will proceed with acceleration. Doc. 1-8. The notice further provided that once acceleration has occurred, the bank may take steps to terminate Gallego's ownership in the property by a foreclosure proceeding. Doc. 1-8.

On June 16, 2011, Wells Fargo Bank sent Theresa Two Bulls, President of Oglala Sioux Tribe a notice that Gallego's note was in default and that the Tribe, "as lessor, had the right of first refusal to acquire the lessee's interest in the property (subject to all valid liens and encumbrances) upon (a) payment of all sums in arrears, and (b) either payment of the balance of the loan or assumption of the mortgage. Doc 1-9. In order to exercise the right of first refusal, the notice specified that the Tribe "must perform one of the following within thirty (30) days of this notice or on/or before 07/01/11:"

1. Send a written request to assume the loan with the payment of all sums in arrears to us and Beulah E. Gallego. The total arrearage if received on/or before 07/01/11 is $2,588.26. The [t]otal arrearage if received on/or before 08/01/11, is $3,009.00.

2. Remit the total balance due on the loan. The total balance due if received on or before 07/11/11, is $55,410.96. The total balance due if received on/or before 08/01/11, is $55,729.65.

Doc. 1-9. "If you do provide the lessee and us written notice of your desire to exercise the right of first refusal, Beulah E. Gallego, as lessee shall have fifteen (15) days from the date of such notice to cure the default." Doc. 1-9. Finally, the notice provided that "[i]n the event that the [Tribe] fails to exercise their right of first refusal in accordance with that set forth above, Wells Fargo [] may invoke remedies provided by mortgage or by applicable law." Doc. 1-9.

On September 25, 2011, Gallego died intestate. Doc. 1, ¶ 4; 1-1. Gallego's daughter, Lynn Gallego, served as administrator of Gallego's estate in the Oglala Sioux Tribal Court. Doc. 1, ¶ 6. The Government states that upon information and belief, Frankee White Dress is Gallego's eldest

3

daughter and was given the majority interest to Gallego's real and personal property upon her death.  Doc. 1, ¶ 6.

On September 18, 2012, Wells Fargo Bank assigned to the Secretary of Housing and Urban Development ("HUD") its promissory note and leasehold mortgage on the Real Property as provided for in Section 184.  Doc. 1, ¶ 13; 1-7.

## II.     Procedural History

On December 5, 2017, the Government filed a verified complaint against defendants the Estate, Frankee White Dress, the Tribe, and Any Person in Possession (collectively, "Defendants") alleging a claim of foreclosure of the leasehold mortgage.  Doc. 1.

On February 5, 2018, the Tribe filed its Answer to the Verified Complaint and raised numerous affirmative defenses.  Doc. 6.  The remaining defendants (the Estate, Frankee White Dress, the Tribe, Any Person in Possession) were personally served with a copy of the summons and verified complaint in this matter, but have not filed an answer to the verified complaint.  Docs. 4, 7, 8, 9.  The deadline for filing an answer has passed and the Government indicated that it has attempted contact with the remaining defendants and "none of the parties indicated they would be formally answering the complaint."  Doc. 11, ¶ 6.

On March 23, 2018, the Government filed an Application for Entry of Default as to Any Person in Possession of the real property, the Estate, and Frankie White Dress.  Doc. 10.  The Clerk of Courts filed its Entry of Default as to these defendants on March 26, 2018.  Doc. 12.

On October 11, 2018, the Government filed a motion for default judgment, judgment of foreclosure, and request for decree of sale.  Doc. 15.  Attached to Plaintiff's motion are proposed orders for default judgment, judgment of foreclosure, and decree of sale.  Doc. 15-1.  The Tribe has not responded to the Government's October 11, 2018, motion.

## LEGAL STANDARD

When a defendant has failed to plead or otherwise defend in an action, the defendant is deemed to have admitted the well-pleaded allegations of the complaint.  *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (citation omitted) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover."); *D.H. Blair & Co. v. Gottdiener*, 462

F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party.").

A party may obtain entry of default judgment by following the two-step process outlined in Rule 55 of the Federal Rules of Civil Procedure. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). First, pursuant to Rule 55(a), the party seeking default must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a). Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See* Fed. R. Civ. P. 55(b).

In the present case, the Government moves the court for entry of judgment on the default pursuant to Rule 55(b)(2).

The entry of a default judgment pursuant to Rule 55(b)(2) is committed to the sound discretion of the district court. *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). The entry of default judgment is appropriate when a party's conduct includes "willful violations of court rules, contumacious conduct, or intentional delays." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 855 (8th Cir. 1996) (citation omitted). Default judgments are not favored by the law, and default judgment is not an appropriate sanction for a "marginal failure to comply with the time requirements." *Harre*, 983 F.2d at 130.

## DISCUSSION

In the present case, the Government has applied to the Court for a default judgment against the Estate and a judgment of foreclosure upon the leasehold interest for the principal sum of $59,284.42, together with interest, plus any additional sums advance in relation to this action. Additionally, the Government asks the Court to issue a decree of sale as to the leasehold interest in the real property. Doc. 15-1. On March 26, 2018, the Clerk of Courts filed its Entry of Default as to the Estate, Any Person in Possession, and Frankee White Dress. Doc. 12. The Tribe, also a named defendant is this action, filed an answer to the complaint alleging various affirmative defenses.

On February 6, 2018, summonses were returned, executed by The Estate and Any Person in Possession and were filed with the Court. Doc. 7, 8. On March 20, 2018, a summons was

returned, executed by Frankee White Dress and filed with the Court.  Doc. 9.  Neither the Estate, Any Person in Possession, nor Frankee White Dress have filed answers or other responsive motions in this action.  On March 23, 2018, the Government filed a motion for entry of default and in its declaration in support thereof, the Government indicated that it attempted contact with each of these parties and none indicated they would be formally answering the complaint in this matter.  Doc. 11, ¶ 6.  On March 26, 2018, the Clerk filed its Entry of Default as to the Estate, Any Person in Possession and Frankee White Dress, Doc. 12, and was it mailed to the defendants via United States Postal Service on March 26, 2018.[1]  The Government in this case is seeking a default judgment against the Estate.  The Court concludes that the Estate's failure to defend amounts to willful conduct that would justify entry of judgment by default against it.

The Government contends that the Court may order a judgment of foreclosure and decree of sale at this time despite the fact that the Tribe has filed affirmative defenses to the foreclosure action in this case.  The Government argues that the Tribe's only interest in the property was its right of first refusal which has expired and that it has no claim against the Tribe.  Section 184 provides that before a mortgagee or HUD may foreclose on a Section 184 loan, it must "offer to transfer the account to an eligible tribal member, the tribe, or the Indian housing authority serving the tribe."  Attached to the Government's verified complaint is a Notice of Lessor Right of First Refusal from Wells Fargo to Theresa Two Bulls, President of Oglala Lakota Sioux Tribe, providing the Tribe thirty days to assume the loan with payment of all sums in arrears or remit payment of the total balance due on the loan.  Doc. 1-9.  The Government states in its verified complaint that the Tribe declined to exercise its right of first refusal.  Doc. 1.

Many of the Tribe's affirmative defenses to foreclosure regard its claim that the notice of right of first refusal that it received was in derogation of the rights afforded it by Section 184.  Specifically, the Tribe alleges the following deficiencies: 1) it was sent by the private lender, Wells Fargo Bank, rather than HUD; 2) it was sent before the private lender assigned the notice and leasehold mortgage to HUD; 3) it was issued pursuant to a residential lease, not pursuant to Section 184; 4) it did not offer to transfer the loan and leasehold mortgage to an eligible tribal member, the Tribe, or the Indian housing authority serving the Tribe, but only gave the Tribe a right of first refusal to acquire the leasehold interest; 5) it informed the Tribe that it could acquire the leasehold

---

[1] The Clerk's Entry of Default was returned as undeliverable only as to Any Person in Possession.  Doc. 13.

interest only by paying all sums in arrears and either assuming the loan or remitting the total balance due on the loan in the lease; 6) it gave the Tribe an unreasonably short period of time to exercise its rights of first refusal; 7) it informed the Tribe that its right of first refusal was subject to cancellation if the borrower cured the default; and 8) the notice was confusing and only gave the Tribe fifteen (15) days to exercise its rights of first refusal.  While the Court agrees that the Government does not assert a claim against the Tribe, the Tribe remains a party to this action and has asserted certain affirmative defenses, specifically with regard to its statutory right to receive an offer to assume or extinguish the mortgage.[2]

The Court acknowledges that many of the affirmative defenses presented by the Tribe in this case were rejected by the Court in *United States v. Big Crow*, Civ. No.15-5008, 2016 WL 885901 (D.S.D. Mar. 2, 2016) (J. Piersol).  However, in *Big Crow*, the Tribe raised these arguments in a motion to dismiss the Government's verified complaint to foreclose.  Having addressed each of the Tribe's arguments in turn, the Court denied the Tribe's motion to dismiss and subsequently entered an order for default judgment against the mortgagor/borrower, a judgment of foreclosure, and decree of sale.

In the present case, however, the Tribe raised its objections instead as affirmative defenses in its answer to the Government's complaint.  In order for the Court to enter a judgment of foreclosure and decree of sale, the Government must first bring a motion addressing the merits of the Tribe's affirmative defenses in this case and/or the Tribe's standing to object to the foreclosure in this case.

Accordingly, it is hereby ORDERED that:

1) The Government's motion for order of default judgment, Doc. 15, is GRANTED; Plaintiff shall have and recover judgment against Defendant Estate of Beulah E. Gallego/Galligo for the principal sum of $59,284.42, together with interest as provided

---

[2] The Tribe also objects to foreclosure based on noncompliance with other provisions of Section 184 that do not pertain to the notice the Tribe received of its right of first refusal.  Specifically, the Tribe states the following objections: 1) neither HUD nor the private lender gave written notice to the BIA prior to the initiation of foreclosure proceedings, as it alleges is required by the Certificate of Approval of the Leasehold Mortgage; 2) the assignment by the original mortgagor, Ernabelle Skye, to Beulah Gallego, is not valid for failure to receive prior written consent of the Tribe and the Secretary of the Interior; 3) the relief sought in paragraph 4 of the Request for Relief is not authorized under Section 184 and should be denied in that "[a]ll Defendants," including the Tribe, cannot "be barred and foreclosed of and from all rights, title, or interest in and to said property," because the Tribe has rights in and to the property.

7

    by law, plus any additional sums advanced in relation to this action; interest will continue to accrue at the legal rate after judgment until paid pursuant to 28 U.S.C. § 1961(a); and

2) The Government's motions for judgment of foreclosure and decree of sale, Doc. 15, are DENIED without prejudice to their refiling.

Dated this 25th day of September, 2020.

                                      BY THE COURT:

                                      _____
                                      Lawrence L. Piersol

ATTEST:                           United States District Judge
MATTHEW W. THELEN, CLERK

_____